This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.** **No. 31,771**

**DAVID BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals from the district court's judgment and sentence, entered pursuant to a jury trial, convicting him for breaking and entering and aggravated assault with a deadly weapon. We issued a notice of proposed summary disposition, proposing to affirm Defendant's convictions. Defendant has responded to our notice with a memorandum in opposition. We are not persuaded by Defendant's arguments that insufficient evidence was presented below. We, therefore, affirm.

In response to our notice, Defendant continues to argue that the State did not present sufficient evidence that (1) Defendant entered the apartment without permission to support his conviction for breaking and entering, [MIO 8-10] and (2) Defendant was the first aggressor and therefore did not act in self-defense to support his conviction for aggravated assault with a deadly weapon. [MIO 11-15]

**Breaking and Entering**

Our notice observed that there appeared to be conflicting evidence surrounding the question of whether Defendant had and needed permission to enter the apartment in our application of *State v. Rubio*, 1999-NMCA-018, 126 N.M. 579, 973 P.2d 256. [CN 2-5] We pointed out that it is for the jury to resolve such conflicts in the evidence. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We also noted that the docketing statement obfuscated which material facts were presented to the jury and reminded trial counsel of his obligation of candor towards

this Court and of his obligation to supply this Court with all facts material to the appellate issue raised, including those that support the verdict. *See* Rule 16-303 NMRA; Rule 12-208(D)(3) NMRA; *State v. Montoya*, 116 N.M. 297, 306, 861 P.2d 978, 987 (Ct. App. 1993) (observing that even in the criminal context this Court need not address a sufficiency challenge if the defendant fails to present all the facts bearing on the conviction).

In response to our notice and despite our detailed account of the unclear material facts and our admonishment to trial counsel, Defendant does not specifically address our analysis under *Rubio* and argue why it is incorrect, and he does not clarify the docketing statement's confusing characterization of the evidence presented. As a result, we continue to believe that the jury rejected his characterization of the evidence, adopted a different view of the evidence, and drew inferences therefrom contrary to those advocated by the defense. *See State v. Sanchez*, 2000-NMSC-021, ¶ 32, 129 N.M. 284, 6 P.3d 486 (stating that "the jury is free to reject Defendant's version of the facts . . . [and it] resolves conflicts and determines weight and credibility" (internal quotation marks and citation omitted)). Deferring to the jury on these matters and viewing the evidence in the light most favorable to the verdict, for the reasons stated in the notice, we are persuaded that the evidence "supports the conclusion that Defendant did not have blanket authority to enter the apartment, or

that whatever authority he may have had was freely revocable by [Ms. Velasquez]." *See Rubio*, 1999-NMCA-018, ¶¶ 8-9. Thus, we are persuaded that sufficient evidence supports Defendant conviction for breaking and entering. We affirm.

**Aggravated Assault with a Deadly Weapon**

Similarly, our notice proposed to affirm Defendant's aggravated assault conviction on the basis that conflicting evidence was presented surrounding Defendant's claim of self-defense and was resolved by a jury in the State's favor, which we accept on appeal. [CN 5-9] Also, we noted that the docketing statement contained conflicting and confusing information about what occurred before Defendant arrived at Ms. Velasquez's apartment with a gun. [CN 7-8] Again, we reminded trial counsel of his duty to this Court and his obligations under the Rules of Appellate Procedure. [CN 8] Based on our understanding of the evidence presented and indulging all reasonable inferences and resolving all conflicts in favor of the guilty verdict, we proposed to hold that the evidence was sufficient for the jury to reject the self-defense claim and support Defendant's conviction.

Again, in response to our notice, Defendant does not address the inconsistencies we observed in the docketing statement's recitation of the evidence and its characterization of the evidence. Defendant's memorandum in opposition is unresponsive to our proposed analysis of this issue as well. Thus, it appears to us that

Defendant simply disagrees with the jury's view of the evidence with regard to this conviction. For the reasons stated in our notice, we hold that sufficient evidence was presented that Defendant's actions were not necessary or justified by self-defense. *See State v. Coffin*, 1999-NMSC-038, ¶ 12, 128 N.M. 192, 991 P.2d 477 (observing that the purpose of recognizing self-defense as a complete justification for an otherwise criminal action "is the reasonable belief in the necessity for the use of . . . force to repel an attack"). Thus, we are persuaded that sufficient evidence supports Defendant's conviction for aggravated assault with a deadly weapon.

Based on the foregoing, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**